IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| COALITION FOR TJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:21-cv-00296-CMH-JFA |
| | ) | |
| FAIRFAX COUNTY SCHOOL BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant Fairfax County School Board, by counsel and pursuant to Federal Rules of Civil Procedure 8 and 12(a)(4)(A), answers the allegations in the complaint by plaintiff Coalition for TJ as set forth below, in numbered paragraphs corresponding to the paragraph numbering of the complaint.

1. The School Board lacks knowledge or information about the motivation of the Coalition for TJ in bringing this action, and denies the remaining allegations in paragraph 1.

2. The School Board admits the first sentence of paragraph 2.  As for the second sentence, the School Board admits that the TJ admissions policy was revised to eliminate the previous standardized-testing requirements, but denies the characterization of those previous requirements.  The School Board admits that the Coalition makes the claim alleged in the third sentence, but denies the truth of that claim.

3. The School Board lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4. In response to the first sentence, the School Board admits that it is the defendant but states that Superintendent Brabrand was dismissed as an official-capacity defendant on May 21, 2021. The School Board denies the remaining allegations in paragraph 4.

5. Denied.

6. The first sentence of paragraph 6 states a legal conclusion to which no response is required. The School Board denies the allegations made in the second sentence of paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required, except the School Board denies that the Coalition is entitled to the relief claimed.

8. Paragraph 8 states legal conclusions to which no response is required.

9. The School Board admits the first sentence of paragraph 9. The second sentence of paragraph 9 states a legal conclusion to which no response is required.

10. The School Board lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11. The School Board lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11 about the Coalition's membership, and denies the remaining allegations including the allegations that the TJ admissions criteria are "discriminatory." The School Board admits the allegations in the first three sentences in footnote 1. It denies the allegations made in the final sentence of footnote 1.

12. Denied.

13. The School Board lacks knowledge or information sufficient to admit or deny that the persons listed in paragraph 13 are members of the Coalition but denies that any of its members or their children are being subjected to any "discriminatory" admissions practices by the School Board. The School Board admits that the named parents have children with the

referenced initials enrolled at the FCPS schools identified, and those students have applied for admission to TJ. The School Board admits that S.V.A. is an eighth grader at Mercer Middle School who has applied for admission to TJ, A.K. is an eighth grader at Nysmith School for the Gifted who has applied for admission to TJ, and E.L. is an eighth grader at Nysmith School for the Gifted who has applied for admission to TJ. It denies that James Pan has an eighth-grader with the initials H.P. who has applied for admission to TJ.

14. The School Board lacks knowledge or information sufficient to admit or deny that the persons listed in paragraph 14 are members of the Coalition or that the children of those persons intend to apply to TJ in the future but denies that any of its members or their children will be subjected to any "discriminatory admissions practices" by the School Board. The School Board admits that the named parents have children with the referenced initials receiving Level IV services at the FCPS schools identified, but lacks knowledge or information sufficient to admit or deny that these FCPS students intend to apply to TJ in the future. It lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14 regarding the parents of students who are not enrolled in FCPS or the students' intentions to apply to TJ in the future.

15. The School Board lacks knowledge or information sufficient to admit or deny that the persons listed in paragraph 15 are members of the Coalition. It admits the remaining allegations in paragraph 15.

16. The School Board lacks knowledge or information sufficient to admit or deny that the persons listed in paragraph 16 are members of the Coalition. It admits the remaining allegations in paragraph 16.

17. The School Board lacks knowledge or information sufficient to admit or deny that the persons listed in paragraph 17 are members of the Coalition. It admits the remaining allegations in paragraph 17.

18. The School Board lacks knowledge or information sufficient to admit or deny that the persons listed in paragraph 18 are members of the Coalition. It admits the remaining allegations in paragraph 18.

19. The first sentence of paragraph 19 is denied as phrased. The School Board admits that the FCPS students identified by initials in paragraph 13 and 14 are receiving Level IV services and that the program offers a highly-challenging instructional program in four core subject areas for students in grades 3 through 8, and denies the remaining allegations in the second sentence. The School Board admits that AAP Level IV students can attend their base middle school or a Level IV Center, and denies the remaining allegations in the third sentence. The factual allegations in the fourth sentence are admitted.

20. Admitted.

21. The School Board admits that Dr. Brabrand is the division superintendent, and states that the claim against him in his official capacity has been dismissed. The School Board admits the allegations made in the second sentence of paragraph 21. The allegations made in the third sentence are denied. The School Board admits that Dr. Brabrand worked with FCPS staff to develop recommendations for the School Board on possible changes to the admissions policy for TJ, and that he participated in various meetings and presentations concerning potential changes to the TJ admissions policy, and denies the remaining allegations in the third sentence.

22. The School Board admits that the cited webpage for US News & World Report lists TJ as "#1 in National Rankings." The School Board admits that TJ was established in 1985

as a high school with a focus on science and technology and that it is located in Alexandria, and denies the remaining allegations in the second sentence of paragraph 22. The School Board admits that the majority of students attending TJ are residents of Fairfax County and that students from Arlington, Loudoun, and Prince William Counties, and the City of Falls Church are also eligible to attend TJ, and denies the remaining allegations in the third sentence of paragraph 22.

23. In response to the first sentence, the School Board denies that TJ is "incredibly diverse." The School Board denies the second sentence because the data cited does not match the data in footnote 9. The School Board admits the third sentence. The School Board admits that the Asian student population at TJ includes students whose ethnicities are potentially traceable to numerous Asian countries, but lacks information sufficient to admit or deny the remaining allegations in the fourth sentence of paragraph 23.

24. The School Board admits that TJ is one of 19 Academic-Year Governor's Schools that provide students with advanced studies in areas ranging from the arts to government and international studies, and to mathematics, science, and technology; that all eligible students are allowed to apply for admission, regardless of whether they were previously identified as "gifted"; and that TJ is administered by the School Board and FCPS and funded in part through monies appropriated by the General Assembly. The School Board denies the remaining allegations in paragraph 24.

25. The School Board lacks knowledge or information sufficient to admit or deny the allegations in paragraph 25.

26. The School Board admits the allegations in paragraph 26, except for the comprehensiveness of the list of localities whose residents were eligible to apply to TJ and the suggestion that admission to TJ is no longer "merit-based."

27. The School Board admits that the admissions process prior to the one challenged by the Coalition included standardized testing comprised of three components, the Quant-Q, the ACT Inspire Reading, and the ACT Inspire Science tests, and denies the remaining allegations made in the first sentence of paragraph 27. The School Board admits the allegations made in the second sentence of paragraph 27. It lacks sufficient information to admit or deny the allegations made in the third sentence of paragraph 27. The School Board admits the allegations made in the fourth sentence of paragraph 27.

28. The School Board admits that in recent years, the top 480 to 500 applicants would receive offers to attend TJ, and denies the remaining allegations in paragraph 28.

29. The Virginia Acts of Assembly chapter cited in paragraph 29 is incorrect. To the extent plaintiff intended to cite 2020 Va. Acts ch. 1289, item 145.C.27(i), the text of that budget item speaks for itself, and the Coalition's characterizations of the bill are denied.

30. The School Board lacks knowledge or information sufficient to admit or deny the first sentence in paragraph 30. The second sentence is denied.

31. The School Board admits that Superintendent Brabrand presented a plan to the School Board on September 15, 2020, that included eliminating the use of standardized testing as part of the TJ admissions process, and denies the remaining allegations in the first sentence of Paragraph 31. The School Board admits the factual allegations in the second sentence. The School Board admits that the Superintendent proposed creating five "regional pathways" and use of a lottery within each pathway, and denies the remaining allegations in the third sentence. The

School Board denies the allegations in the fourth sentence as phrased, and refers to the TJ Admissions Merit Lottery Proposal cited in paragraph 31 and footnote 16 for its contents. The fifth and sixth sentences of paragraph 31 are admitted. The School Board denies the allegations in the seventh and eighth sentences as phrased, and refers to the TJ Admissions Merit Lottery Proposal cited in paragraph 31 and footnote 16 for its contents. The Coalition's characterizations of the projected effects as well as the allegations in footnote 22 are denied.

32. The School Board admits that Superintendent Brabrand made several presentations in the fall of 2020, and denies the remainder of the allegations in the first sentence of paragraph 32. The School Board admits that Superintendent Brabrand consistently recommended elimination of the standardized admissions tests, and denies the remainder of the allegations in the second sentence of paragraph 32. The School Board denies the allegations in the third sentence of paragraph 32.

33. The School Board admits that it voted to eliminate the standardized-testing prerequisite for admission to TJ on October 6, 2020, and that the tests ordinarily take place in November, but denies that it acted "hastily" as well as all other characterizations of its actions contained in the first sentence of paragraph 33. The School Board admits that the vote took place at a work session and denies the remaining allegations in the second sentence of paragraph 33. The School Board admits that it does not typically include a public comment period during work sessions and that work sessions do not typically include votes, but it denies the suggestion that it did not receive public comments on the Superintendent's recommendation to eliminate standardized testing prior to October 6, 2020, and further denies that taking a vote at a work session is improper or procedurally irregular.

34. The School Board admits that the agenda item for the October 6, 2020 work session contained the quoted text, that the School Board did not hear public comment at that particular work session, and that it voted at that work session to eliminate the standardized-testing component. All other allegations in paragraph 34 are denied, as is the suggestion that the School Board did not receive public comments on the Superintendent's recommendation to eliminate standardized testing prior to October 6, 2020.

35. The School Board admits that it did not vote at its regular meeting on October 8, 2020 to "ratify" or "affirm" the October 6 decision and denies that such a ratification was necessary. The text of the motion by School Board Member Sizemore Heizer speaks for itself. The School Board admits that the motion failed by a vote of zero in favor, seven opposed, and five abstaining. All other allegations in paragraph 35 are denied.

36. The School Board admits the allegations made in the first two sentences of Paragraph 36. The School Board admits that the language quoted in the third sentence is included in the minutes cited in footnote 27, but denies that the excerpted language fully describes the admission process to be applied. The School Board admits that the new admissions policy does not adopt the Superintendent Brabrand's proposed regional pathways, and denies all other allegations made in the last sentence of paragraph 36.

37. The School Board denies that it is biased against Asian-American students at TJ, as suggested in the first sentence of paragraph 37. The School Board lacks information and belief sufficient to admit or deny the second sentence.

38. The School Board lacks information and belief sufficient to admit or deny the allegations of paragraph 38.

39. The School Board admits that Superintendent Brabrand, TJ Principal Ann Bonitatibus, and School Board Member Keys-Gamarra attended some meetings of the 2020 working group, and denies the remaining allegations in the first sentence of paragraph 39. The School Board denies the allegation in the second sentence that they "carried the tone of racial discrimination back to Fairfax County." The School Board admits that it and Dr. Brabrand worked on changes to the TJ admissions process.

40. The School Board admits that Principal Bonitatibus issued a statement on June 7, 2020, that contained the portions quoted in the first and second sentences of paragraph 40, but denies that the quoted portions represent full content or meaning of her message, and refers to the message itself for its content and meaning. The School Board denies the allegations in the third sentence.

41. The School Board admits that Superintendent Brabrand at the August 5, 2020 meeting used the words "thousands and thousands" to describe what some families are able to spend to prepare for the TJ admissions test, and denies the remainder of the allegations made in the first sentence of paragraph 41 and refers to the recording of the August 5, 2020 meeting for the full content of Dr. Brabrand's remarks. The School Board denies that Dr. Brabrand propounded any "stereotypes," and also denies that the video clip cited in footnote 32 supports the characterization of Secretary Qarni's remarks alleged in the second sentence of paragraph 41; it lacks knowledge or information sufficient to admit or deny the allegations about who made the remarks, when they were made, or their context.

42. The School Board admits that Superintendent Brabrand presented a proposal to change the TJ admissions policy to the School Board at a work session on September 15, 2020, and denies the remaining allegations made in the first sentence of paragraph 42. The School

Board admits that, during the September 15, 2020 work session, Dr. Brabrand spoke the words that are quoted in the second sentence, but denies that the quoted portions accurately convey the full content or meaning of his remarks and refers to the recording of the meeting for their content and meaning. The School Board denies the allegations made in the third sentence of paragraph 42.

43. The School Board admits that, during the September 15, 2020 work session, Dr. Brabrand presented a slide depicting the demographics of the FCPS student population in 2019, that his statement was followed by remarks by FCPS Chief Operating Officer Marty Smith, who spoke the words that are quoted in the first sentence, but denies that either Brabrand or Smith made any "discriminatory assertions" and refers to the recording of the meeting for the full content and meaning of their remarks. The School Board admits that the slide shown by Mr. Smith showed 15 years of data relating to TJ admissions, but denies that the slide showed data only "by race." The School Board admits that Mr. Smith spoke the words that are quoted in the second and third sentences, but denies that those words accurately represent the full content or meaning of his statements and refers to the recording of the meeting for their full content and meaning. The School Board denies the allegations made in the fourth sentence of paragraph 43.

44. The School Board admits that Dr. Bonitatibus on September 15, 2020, described TJ as a "wonderfully diverse school" and denies the remainder of the allegations made in the first sentence and refers to the recording of the meeting cited in footnote 33 for the full content and meaning of her remarks. The School Board denies that the second and third sentences of paragraph 44 accurately quote the words spoken by Dr. Bonitatibus during the meeting or conveys the full content or meaning of her remarks, and refers to the recording of the meeting for

their full content and meaning.  The School Board denies the allegations made in the last sentence of paragraph 44.

45.     The School Board admits that what was said by School Board Members Keys-Gamarra, Meren, and Frisch at the September 15, 2020 work session was recorded, and refers to the recording for the full content and meaning of their statements.  All other allegations made in paragraph 45 are denied.

46.     The School Board admits that what was said by Dr. Brabrand, Principal Bonitatibus, and Board Member Omeish at the September 15, 2020 work session was recorded, and refers to the recording for full content and meaning of their statements.  All other allegations made in paragraph 46 are denied.

47.     The School Board admits that what was said by School Board Members and staff at the September 15, 2020 was recorded, and refers to the recording for the full content and meaning of their remarks.  The School Board denies the remaining allegations in paragraph 47, including the allegation that any of them "attack[ed]" or "demean[ed]" any "Asian-American families."

48.     The School Board admits the first sentence but denies the second.

49.     The School Board admits that the policy allocates to each middle school seats equivalent to 1.5% of the middle school's eighth-grade enrollment, but denies the suggestion that allocation operates as a cap.  The School Board admits that a large proportion of students offered admission to TJ in recent years have come from the four middle schools identified in the second sentence, and denies the remaining allegations made in the second sentence of paragraph 49.  The School Board denies the allegations in the third sentence.

50. The School Board admits that 78 students from Rachel Carson Middle School were admitted to TJ as members of the class of 2022, and denies the remaining factual allegations in the first sentence of paragraph 50. It admits the allegations made in the second sentences, but denies the allegations made in the third sentence.

51. The School Board admits that 61 students from Longfellow Middle School were admitted to TJ as members of the class of 2022, and denies the remaining factual allegations in the first sentence of paragraph 51. It admits the allegations made in the second sentences, but denies the allegations made in the third sentence of paragraph 51.

52. The School Board lacks knowledge or information sufficient to admit or deny the content of the Coalition's own projections, but it denies that those projections as alleged in paragraph 52 and footnote 52 are accurate.

53. Denied.

54. The School Board restates its answers to paragraphs 1–53.

55. The text of the Equal Protection Clause speaks for itself.

56. The text of 42 U.S.C. § 1983 speaks for itself.

57. Paragraph 57 states legal conclusions to which no response is necessary. The official-capacity claim against Dr. Brabrand has been dismissed.

58. Paragraph 58 states a legal conclusion to which no response is necessary.

59. Paragraph 59 states legal conclusions to which no response is necessary.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Paragraph 66 states a legal conclusion to which no response is required, except that the School Board admits the policy was not enacted to remedy past *de jure* segregation.

67. Denied.

68. Denied.

69. Denied.

70. The School Board denies any remaining factual allegations in the complaint that are not expressly admitted above.

71. The Coalition lacks standing to assert the claims alleged in this case.

72. The claim for equitable relief is barred by laches.

73. The Coalition is not entitled to any damages, nominal or otherwise.

WHEREFORE the complaint should be dismissed with prejudice and the School Board should be awarded all costs, fees, and expenses to which it may be entitled.

Respectfully submitted,

FAIRFAX COUNTY SCHOOL BOARD

By:     /s/
Stuart A. Raphael (VSB No. 30380)
Sona Rewari (VSB No. 47327)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
sraphael@HuntonAK.com
srewari@HuntonAK.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record for all Parties.

By:    /s/   

Stuart A. Raphael (VSB No. 30380)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
sraphael@HuntonAK.com