**Exhibit 64**

```
                                                                        1
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF VIRGINIA
 2                         ALEXANDRIA DIVISION

 3
     COALITION FOR TJ                  )
 4                                     )
                                       )
 5        VS.                          )  1:21-CV-296  CMH/JFA
                                       )
 6                                     )  ALEXANDRIA, VIRGINIA
                                       )     MAY 21, 2021
 7   FAIRFAX COUNTY SCHOOL BOARD,      )
     ET AL.                            )
 8   _____)

 9

10

11

12

13   _____

14              TRANSCRIPT OF MOTIONS HEARING
             BEFORE THE HONORABLE CLAUDE M. HILTON
15              UNITED STATES DISTRICT JUDGE
     _____
16

17

18

19

20

21

22

23

24   Proceedings reported by stenotype, transcript produced by

25   Julie A. Goodwin.


                                              Julie A. Goodwin, CSR, RPR
```

suppression case where what was procedurally irregular there was the day after Shelby County came down from the Supreme Court that eliminated the pre-clearance requirement, the legislature rushed to pass a voter suppression bill and -- and that was a procedural irregularity that actually bore upon discriminatory effect or an intent. You have nothing like that in this case.

There -- there is just no -- no allegation anywhere in the complaint that shows an intent to harm Asian-Americans or to prejudice against Asian-Americans.

And then last point on standing, you heard no response to the problem that we've made, that we've pointed out is the main problem, and that is the members don't have control over the decisions of the entity. And that's a fundamental requirement under *Hunt*, and he -- but we would ask you to decide both issues and to dismiss the case with prejudice.

Thank you.

THE COURT: Well, they have allegations here that there are a limited number of positions at TJ, so that this desire to -- for diversity or for racial mixing goes at the majority of the students who are there now, or the biggest group of students who are there now, and that this has been intentionally done. And while you -- you say that the policy itself states that it's going to be race-neutral, everybody knows that the policy is not race-neutral, and it's designed to

1 affect the racial composition of the school.

2 MR. RAPHAEL: So assuming all of that is true, under
3 *Parents Involved*, it is -- does not trigger strict scrutiny.
4 That's the holding of *Parents* -- of the concurrence in *Parents*
5 *Involved* and the four other circuits. Race consciousness does
6 not trigger strict scrutiny. What triggers strict scrutiny is
7 if you treat a particular individual differently because of
8 their race on purpose, and that's not happening here. And then
9 it's also not a limited number of --

10 THE COURT: Well, if -- if this policy -- it seems to
11 me that they're alleging that this school board has come up
12 with a policy that is directly aimed at reducing the number of
13 Asian students at TJ. And that can be done in a variety of
14 ways without just simply coming out and limiting the race of
15 the people that are there.

16 I don't know the numbers in these schools or -- but
17 I'm sure that you can change the numbers as to the -- how they
18 affect each school and each geographical area, and you could
19 probably come up with whatever you intended to do. And they
20 have some statements here that seem to indicate that that's
21 what it's about. We want more diversity, so that means we want
22 less Asians here.

23 MR. RAPHAEL: Well, but -- so we want more diversity,
24 that statement is fine. Right? That that -- they concede that
25 at page 25 of their opposition brief. Under *Parents Involved*,

wanting more diversity is --

THE COURT: Well, it's not the statement that bothers me. It's what they're doing and how it affects the Asian composition of the school.

MR. RAPHAEL: Yeah. Well, so --

THE COURT: I mean, you can say all sorts of good things while you're doing others.

MR. RAPHAEL: Well, but, again, why wouldn't that argument have applied in *Feeney* where the veterans preferences reduced -- you know, benefitted 92 percent of veterans were men, but they weren't -- it wasn't adopted to harm women.

You have to show an intent to harm Asian-Americans. Wanting to help underrepresented minorities isn't enough, and that's the holding of all the cases we've cited: *Parents Involved*, the First Circuit, Third Circuit, Fifth Circuit, Sixth Circuit, all of those cases say that. It's -- and if you -- it's fine to try to plead intentional discrimination against Asian-Americans, but you have to allege facts that plausibly show that. And when you look at the statements that they've cited in table -- in Exhibit A -- just please take a look at that because the facts -- none of the statements actually suggest an intent to harm Asian-Americans.

Last point on this. Suppose when law schools didn't admit women and they were ordered to admit women under the Equal Protection Clause, could a -- a male or a minority

1      THE COURT:  All right.  Thank you.

2      MR. RAPHAEL:  May I make one response?

3      THE COURT:  You may use 30 seconds.

4      MR. RAPHAEL:  Yes, Your Honor.

5      On *McCrory*, *McCrory* does not stand for the proposition that Ms. Wilcox says.  She says, you don't have to show animus.  That's not exactly right.  What *McCrory* said is, we're not saying the legislature necessarily had racial hatred against Black people.  The legislature defended the decision by saying, they -- they -- they adopted these suppression moves because they wanted to discriminate against Democrats, and most Black voters vote Democrat.

13     The Court said, that's -- that's still discrimination on the basis of race.  That's intentional discrimination, and that's absent in this case.  No factual allegations to show it.

17     Thank you, Your Honor.

18     THE COURT:  All right.

19     Well, I am -- as far as the standing issue is concerned, I'm satisfied that this is a voluntary association with members that set out to accomplish or be involved in some common purpose and that they do have every right to bring this lawsuit.

24     As to the motion to dismiss, I find that the -- the plaintiff has stated a claim that can go forward.  Some of your

```
                                                                36
 1  UNITED STATES DISTRICT COURT    )

 2  EASTERN DISTRICT OF VIRGINIA    )

 3

 4              I, JULIE A. GOODWIN, Official Court Reporter for

 5  the United States District Court, Eastern District of Virginia,

 6  do hereby certify that the foregoing is a correct transcript

 7  from the record of proceedings in the above matter, to the best

 8  of my ability.

 9              I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action in

11  which this proceeding was taken, and further that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14              Certified to by me this 20TH day of JUNE, 2021.

15

16

17

18                          __/s/_____
                            JULIE A. GOODWIN, RPR
19                          Official U.S. Court Reporter
                            401 Courthouse Square
20                          Eighth Floor
                            Alexandria, Virginia  22314
21

22

23

24

25

                                            Julie A. Goodwin, CSR, RPR
                              5/21/21
```