IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| COALITION FOR TJ, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:21-cv-00296-CMH-JFA |
| FAIRFAX COUNTY SCHOOL BOARD, | ) |
| Defendant. | ) |

**NON-PARTY FAIRFAX COUNTY SCHOOL BOARD MEMBERS DR. RICARDY ANDERSON, KARL FRISCH, KAREN KEYS-GAMARRA, AND ABRAR OMEISH'S BRIEF IN SUPPORT OF MOTION TO QUASH TRIAL SUBPOENAS**

Non-party Fairfax County School Board ("School Board") Members Dr. Ricardy Anderson, Karl Frisch, Karen Keys-Gamarra, and Abrar Omeish ("Four Individual Board Members"), pursuant to Fed. R. Civ. P. 45(d)(3), respectfully request that this Court quash the subpoenas ad testificandum ("Trial Subpoenas") served upon them by Plaintiff Coalition for TJ ("Coalition").[1]

**Introductory Statement**

This action challenges the School Board's decision to adopt a new student admissions plan for Thomas Jefferson High School for Science and Technology ("TJHSST"). The School Board is a local governmental body constituted by Virginia Constitutional and statutory law. Virginia Const., Art. VIII, §7; Va. Code § 22.1-79. Pursuant to that law, the School Board itself

---

[1] Movants also incorporate by reference, insofar as applicable, the arguments contained in the separate Motion to Quash, and Memorandum in Support, of School Board Members Laura Cohen, Karen Corbett Sanders, Tamara Kaufax, Megan McLaughlin, Melanie Meren, Rachna Sizemore Heizer, and Elaine Tholen, filed today.

is a corporate entity, solely responsible for the supervision of schools in the division. Va. Code § 22.1-71. The actions of any individual member or members – including the Four Individual Board Members here -- have no authority to bind the Board.

That blackletter law notwithstanding, the Coalition has subpoenaed all twelve individual School Board members (including, as relevant to this Motion, members Anderson, Frisch, Keys-Gamarra and Omeish) to testify at trial beginning on January 24, 2022. Dkt # 127. In response to inquiry, Plaintiff's counsel has been either unable or unwilling meaningfully to explain the factual proposition(s) on which these Four Individual Board Members' would be called to testify, or how that testimony would be relevant or material.  Nor has Plaintiff's counsel suggested any exceptional or extraordinary circumstances which would warrant allowing each individual Board member to be examined at trial about their various thoughts and communications pertaining to the vote on this policy.  This is inappropriate, and the trial subpoenas should be quashed.

The testimony of these Four Individual Board Members – including Dr. Anderson, who voted *against* the measure now challenged – have little or no relevance to Plaintiff's claims.  The Individual Board Members are not defendants in this matter. The case relates to the decision of the School Board as a whole, not the thoughts of individual Board members. A handful of statements made by a random collection of Board members, some of whom did not even vote for the Board's decision, are essentially of no value.  See N. Carolina State Conf. of NAACP v. McCrory, 831 F.3d 204, 229 (4th Cir. 2016).

Furthermore, in any event, it is particularly well-established in the Fourth Circuit that the deliberations, considerations and communications of these Four Individual Board Members about their particular decision-making processes, including their decision-making process as to their votes on the new admissions plan, are protected by the legislative and deliberative process

privileges. See McCrory, 831 F.3d at 229; Burtnick v. McLean, 76 F.3d 611, 613 (4th Cir. 1996); In re McCarthy, 636 F. App'x 142, 143 (4th Cir. 2015); Franklin Sav. Ass'n v. Ryan, 922 F.2d 209, 211 (4th Cir. 1991).

Finally, requiring testimony from multiple individual School Board members, including the Four who are the subject of this Motion, would be duplicative, harassing and unduly burdensome. Neither in its discovery or pretrial submissions, nor otherwise, has the Coalition proffered any reason as to why these Four Individual Board Members – who are elected officials with important public duties in addition to employment and other obligations—should be required to appear over the course of a three-day trial. Never during the as-extended discovery period did the Coalition depose any of these Four Individual Board Members. Plaintiff ought not now be allowed to use a trial subpoena as a way to badger these elected officials by rummaging through documents, or to grill them for political purposes about their individual deliberations long after the Board's vote.

The trial subpoenas at issue seek testimony which is irrelevant and duplicative, as well as privileged. They should be quashed.

## Relevant Factual and Procedural Background

This action alleges that the new TJHSST admissions policy, adopted by the School Board on December 17, 2020 somehow infringes upon the rights of Asian Americans under the Equal Protection clause. The case is set for a three-day trial beginning on January 24, 2022.

When asked in interrogatories what facts relating to individual board members would show discrimination, Plaintiff objected on the basis that the information "is in the public domain." Plaintiff's Interrogatory response no. 3, Ex. 1 hereto. After objecting, Plaintiff's answer relayed the following alleged statements made by the Four Individual Board Members:

(1) Dr. Ricardy Anderson stated that some students accepted into TJHSST had been in

>   test preparation since 2nd grade.
> (2) Karen Key-Gamarra's stated that TJHSST had an unhealthy culture and she remarked that certain comments regarding testing could be viewed as demeaning.
> (3) Karl Frisch "decried" the culture in the system.
> (4) Abrar Omeish stated that TJHSST should have representation reflecting the population.

Id. As Plaintiff admitted, these statements are in the public domain.

Nevertheless, on or about January 6, 2022, the Four Individual Board Members were served with subpoenas to appear for trial on January 24, 2022. Dkt #s 127-8, 127-11, 127-4, and 127-13. Plaintiff had not deposed any of the Four Individual Board Members at any time during the pretrial period. Plaintiff's pretrial submissions provide no illumination as to the subject of all these Board members' would-be testimony either. Documents from the case have, however, been used to attack School Board members on social media.[2]

In a good-faith attempt to avoid the instant motion, counsel for the Four Individual Board Members consulted with Plaintiff's counsel on January 12, 2022. As of that time, Plaintiff's counsel was not prepared to say which of the twelve Board Members the Coalition they would actually need to call. Plaintiff's counsel stated only that the Coalition planned to ask questions related to alleged statements Board Members had made to others. Beyond that, Plaintiff's counsel was not was not prepared to explain what testimony he hoped to elicit.

On the date the policy was passed, the School Board held a lengthy and robust debate on the admissions plan in a recorded public session lasting over five hours, during which many members of the School Board spoke at length. Fairfax County Public Schools, FCPS School Board Meeting, YouTube (Dec. 17, 2020), https://www.youtube.com/watch?v=1EjeA3EUzoY.  There were at least nine recorded votes on

---

[2] See, e.g. "New board emails, texts reveal 'embarrassing politics' with 'bonus points'."
https://twitter.com/AsraNomani?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor

aspects of the admissions plan. Meeting Minutes, Fairfax County School Board Summary Judgment Motion Exhibit 37, Dkt # 112-8. This information is recorded both on a video and transcript which are part of the public record, and in the lengthy official minutes of the meeting. The minutes and the transcript have been submitted as proposed exhibits for trial. Dkt # 83 at 7, FCSB Proposed Exhibit List; Dkt # 86 at 15, Coalition First Amended Exhibit List. The testimony of every School Board member, including the Four Individual Board Members who are the subject of this Motion, is neither necessary nor appropriate.

## Argument

I. **Individual Board Member Testimony is Irrelevant, Cumulative, and of Little Value**

The Four Individual Board Members are not defendants. The issues in contention in this matter relate to the decisions of the School Board as a whole, not individual School Board members. Any statements made by a few School Board Members, or a handful of Board Member's statements made after the fact are of "limited value." N. Carolina State Conf. of NAACP v. McCrory, 831 F.3d 204, 229 (4th Cir. 2016). Evidence should be introduced at trial, however, only to the extent it is "of consequence in determining the action." Fed. R. Evid. 401. That is not the case here.

Furthermore, testimony from the Four Individual Board Members' testimony would be cumulative. Plaintiff has said in its interrogatory response that statements from board members are "in the public domain." Exhibit 1. That being the case, Plaintiff should not also need the testimony of the Individual Board Members.

Trial testimony is not a discovery deposition. The Court should not allow Plaintiff to call witnesses just to see what they might say. Thus, calling the Four Individual Board Members for indeterminate reasons is irrelevant and cumulative. The Subpoenas should be quashed.

## II. The Testimony of the Four Individual Board Members is Covered by the Legislative and Deliberative Process Privileges

Even apart from its lack of relevance and cumulative nature, inquiry of individual members of a governmental assembly, trying to pry into the considerations and specific rationales for their votes, is subject to well-established privileges. A subpoena for that kind of information must be quashed. Fed R. Civ. P. 45(d)(3)(A) ("the court must quash or modify a subpoena that…requires disclosure of privileged or other protected matter.").

### A. The Legislative Privilege is Clearly-Established in the Fourth Circuit.

The decisional processes of local governmental officials – including both individuals and members of an assembly – are protected against inquiry under subpoena by privileges which are well-established in this circuit.

To that end, the legislative privilege is an evidentiary and testimonial privilege that exists to safeguard legislative immunity and the separation of powers. Lee v. Virginia State Bd. of Elections, No. 3:15CV357 (HEH-RCY), 2015 WL 9461505, at *2 (E.D. Va. Dec. 23, 2015). It protects legislators who act in a legislative capacity. Burtnick v. McLean, 76 F.3d 611, 613 (4th Cir. 1996) (internal citations removed). The privilege derives from the Speech and Debate clause of the U.S. Constitution, and applies to local legislators as well as federal legislators. Lee, 2015 WL 9461505, at *3; United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 320-21 (D.N.J. 2009); Byrd v. District of Columbia, 259 F.R.D. 1, 6 (D.D.C. 2009). Legislative immunity exists to allow legislators to focus on their public duties and shields them from opponents that seek to defeat them through litigation rather than elections. E.E.O.C. v. Washington Suburban Sanitary Comm'n, 631 F.3d 174, 181 (4th Cir. 2011). An "action is legislative if the facts involve generalizations concerning a policy or state of affairs and the establishment of a general policy affecting the larger population." Alexander v. Holden, 66 F.3d 62, 66 (4th Cir. 1995) (internal

quotation and citations removed).

The Fourth Circuit has noted that it is a hazardous matter to inquire into legislative motives because what motivates on legislator to speak about a statute is not necessarily what motivates others to enact it. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md., 684 F.3d 462, 468 (4th Cir. 2012). For that reason, the Fourth Circuit has recognized that local legislators are "entitled to absolute immunity when acting in a legislative capacity." Burtnick 76 F.3d 611, 613 (internal citations removed). It further declared that "testimonial privilege is the prevailing law of this circuit" and that the "privilege is still viable." Id. (internal citations removed). In Burtnick, for example, the Fourth Circuit ruled that the plaintiff would have to establish his employment discrimination claims without the testimony of local legislators as to their motives for abolishing plaintiff's job, because such testimony would be privileged. Id. Here, as in Burtnick, the Plaintiff should be precluded from calling Board Members to discuss their privileged conduct relating to the passage of a policy affecting the larger population.

As the Fourth Circuit has noted, by calling individual board members to prove the motivation of the board as a whole, Plaintiff hopes to engage in the exact inquiry that the privilege proscribes. Kensington, 684 F.3d 462, 468. For that reason, questioning regarding the alleged discriminatory legislative motive of individual Board Members has been held to run afoul of the doctrine of legislative immunity.  Burtnick 76 F.3d 611, 613 (barring testimony from legislators as privileged in employment discrimination case); McCrory, 831 F.3d 204, 229 (barring testimony from legislators as privileged in a voting discrimination case). In sum, the subpoenas for all four Individual Board Members should be quashed on the grounds of legislative privilege.

### B. The Deliberative Process Privilege Also Applies to the School Board's Individual Board Members' Mental Processes Here.

Likewise, the deliberative process privilege protects the mental processes by which government officials reach a decision. <u>Franklin Sav. Ass'n v. Ryan</u>, 922 F.2d 209, 211 (4th Cir. 1991; <u>United States v. Morgan</u>, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). In the Fourth Circuit, the privilege is "well established." <u>In re McCarthy</u>, 636 F. App'x at 143.

The deliberative process privilege protects administrative, executive, and legislative officials. <u>Franklin</u>, 922 F.2d at 211 (privilege protects executive or administrative officer). In a case challenging a local government zoning decision, the Supreme Court stated in <u>Arlington Heights</u> that "judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government," so "[p]lacing a decisionmaker on the stand is therefore 'usually to be avoided.'" <u>Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.</u>, 429 U.S. 252, 268 n.18 (1977) (citation omitted). Just as "[n]o judge could tolerate an inquisition into the elements of his decision…the integrity of the administrative process must be equally respected." <u>Franklin</u>, 922 F.2d at 211 (internal citations and quotations removed).

Plaintiff impermissibly seeks via these trial subpoenas to pierce the deliberative process of the Four Individual Board Members through questioning about the development and passage of the new admissions policy. This is protected by privilege and the subpoena for that testimony should be quashed.

### C. **No Exceptional Circumstances have Been Shown – or Even Alleged – Which would Warrant Intruding on These Privileges.**

Plaintiff has not shown – or even suggested – any extraordinary compelling reason which would even arguably warrant intruding upon the legislative or deliberative process privileges here. The Supreme Court has found that only in extraordinary circumstances should members of a legislative body be forced to testify. <u>Arlington Heights v. Metro. Hous. Dev. Corp.</u>, 429 U.S.

252, 268 (1977) ("The legislative or administrative history may be highly relevant, especially where there are contemporary statements by members of the decision[-]making body, minutes of its meetings, or reports. In some extraordinary instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege.") (internal citations removed). Similarly, the deliberative process privilege can only be intruded upon under "extraordinary circumstances." Franklin Sav. Ass'n v. Ryan, 922 F.2d 209, 211 (4th Cir. 1991). Such a showing requires a "strong showing of bad faith or improper behavior" before an inquiry can be made into the mental process of a government decision maker. Id. at 212. Absent "extraordinary circumstances" a government decision maker cannot be compelled to testify about his mental process, "including the manner and extent of his study of the record and his consultations with subordinates." Id. (internal citations and quotations removed).

Plaintiff here cannot and has not proffered any extraordinary circumstances that would allow it to pierce either privilege. Indeed, Plaintiff's counsel openly admits that he does not yet know what testimony he will seek to elicit from the Individual Board Members. This admission, and the existence of a fully developed record, including voluminous statements made in the public domain, means that the extraordinary circumstances simply do not exist. There certainly has been no showing of bad faith or improper behavior.

### III. The Subpoenas Should be Quashed Because They Unduly Burden, and Harass, these Four Non-Party Witnesses.

The Subpoenas should also be quashed because they are unduly burdensome, and harassing, to the Four Individual Board Members. As discussed above, it is apparent that the testimony of all Four Individual Board Members would be cumulative, irrelevant, burdensome, and of limited value. Plaintiff has available the statements that are already in the public record

and accessible to it.

Fed. R. Civ. P. 45 sets forth several grounds under which a Court must quash a subpoena served upon a third party to litigation. Specifically, Rule 45(d)(3)(A) provides that "[o]n timely motion, the court by which a subpoena was issued shall quash . . . a subpoena if it . . . (iv) subjects a person to undue burden." When assessing whether a subpoena is unduly burdensome, courts consider the following factors: (1) the relevancy of the proposed testimony; (2) the need for the testimony; (3) the breadth of the subpoena; (4) availability of the testimony by other means; (5) burden on the subpoenaed party in obeying the subpoena. *See E.A. Renfroe & Co., Inc. v. Moran*, 2007 WL 4276906, at *2 (N.D. Miss. Dec. 3, 2007); *see also Singletary v. Sterling Transport Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012). The Four Individual Board Members' status as third parties further increases the burden of the Subpoenas because courts afford extra weight to non-litigants in a Rule 45 burden analysis. *See Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013) ("In keeping with the text and purpose of Rule 45(c)(3)(A), it has been consistently held that 'non-party' status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue.") (citations omitted); *see also Charles v. Quality Carriers, Inc.*, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28, 2010) ("[T]he undue burden calculus is more protective of non-parties than it is for parties").

The Subpoenas impose an undue burden under all these factors. With respect to factors (1) through (3), the Subpoena's absence of any explanation regarding the subject matter of the requested testimony brings its (1) relevance, (2) necessity, and (3) breadth into question. Regarding factor (4), the availability of testimony by other means, the Plaintiff has access to Individual Board Member's statements made in public meetings. As to factor (5), the subpoenaed parties are burdened because they are being asked to appear for an indeterminate

reason on an indeterminate day for an indeterminate time. These are elected officials with important public duties in addition to employment and other obligations, and they should not be required to appear over the course of a three-day trial. As a general matter, the burden upon local school board members has never been greater than it is today. See, e.g., "Death threats, online abuse, police protection: School board members face dark new reality", Washington Post, November 9, 2021 (available at https://www.washingtonpost.com/local/education/death-threats-online-abuse-police-protection-school-board-members-face-dark-new-reality/2021/11/09/db007706-37fe-11ec-9bc4-86107e7b0ab1_story.html). Illustrating that reality, as referenced above, *in this specific case*, exhibits are being used to attack individual school board members on social media. Particularly given that situation, this court ought not further subject individual Board members, including the Four Individual Board Members who bring this motion, to further harassment by being haled into court under subpoena, so that they can become the next social media sound bite.

## Conclusion

For the foregoing reasons, the trial subpoenas to Dr. Ricardy Anderson, Karl Frisch, Karen Keys-Gamarra and Abrar Omeish should be quashed.

>DR. RICARDY ANDERSON
>KARL FRISCH
>KAREN KEYS-GAMARRA
>ABRAR OMEISH
>
>By counsel

Dated: this 14th day of January 2022

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)


By:      /s/
    John F. Cafferky,  VSB No. 41798
     jcafferky@bklawva.com
    Joshua Ontell,  VSB No. 92444
     jontell@bklawva.com
    *Counsel for Non-Parties*
     *Dr. Ricardy Anderson,*
     *Karl Frisch, Karen Keys-Gamarra,*
     *and Abrar Omeish*

## Certificate of Service

I hereby certify that on this 14th day of January 2022, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Sona Rewari (VSB No. 47327)
Daniel Stefany (VSB No. 91093)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
srewari@HuntonAK.com
dstefany@HuntonAK.com
*Counsel for Defendant*

Trevor S. Cox (VSB No. 78396)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-7221
Facsimile: (804) 788-8218
tcox@HuntonAK.com
*Counsel for Defendant*

Cullen Seltzer
Bradford King
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: cseltzer@sandsanderson.com
E-mail: bking@sandsanderson.com
*Counsel for Laura Jane Cohen,
Karen Corbett Sanders, Tamara Derenak
Kaufax, Megan Mclaughlin, Melanie Meren,
Stella Pekarsky, Rachna Sizemore Heizer,
Snd Elaine Tholen*

Alison E. Somin, Va. Bar No. 79027
Caleb Joseph Kruckenberg, *PRO HAC VICE* PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 610
Arlington, Virginia 22201
Telephone: (202) 557-0202
Facsimile: (916) 419-7747
asomin@pacificlegal.org
ckruckenberg@pacificlegal.org
*Counsel for Plaintiff*

    /s/
Joshua Ontell, VSB No. 92444
BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
jontell@bklawva.com