**IN THE UNITED STATES DISTRICT CORT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| COALITION FOR TJ, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:21-cv-00296-CMH-JFA |
| ) | |
| FAIRFAX COUNTY SCHOOL BOARD, ) | |
| ) | |
|     Defendants. ) | |

**BRIEF IN SUPPORT OF**
**<u>FAIRFAX COUNTY SCHOOL BOARD'S BILL OF COSTS</u>**

Sona Rewari (VSB No. 47327)
Daniel Stefany (VSB No. 91093)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
srewari@HuntonAK.com
dstefany@HuntonAK.com

Trevor S. Cox (VSB No. 78396)
HUNTON ANDREWS KURTH LLP
951 E. Byrd Street
Richmond, VA 23219
Telephone: (804) 788-7221
Facsimile: (804) 788-8218
tcox@HuntonAK.com

*Counsel for Defendant*

June 28, 2023

**I.      INTRODUCTION**

On May 25, 2023, the Fourth Circuit Court of Appeals issued a decision reversing the judgment of this Court and directing that summary judgment be entered in favor of the School Board upon remand.  On June 14, 2023, the Fourth Circuit Court of Appeals issued its mandate.  Although this Court has not yet entered judgment in favor of the School Board, the School Board submits this memorandum in support of its Bill of Costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54(D).  As the prevailing party in this action, the School Board respectfully requests that the Clerk tax the costs described below.  Further support for the requested taxable costs is set forth in the exhibits attached to the Bill of Costs, filed concurrently herewith.

**II.     ARGUMENT**

Pursuant to Fed. R. Civ. P. 54(d)(1), a prevailing party may recover the following six categories of costs authorized under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); 28 U.S.C. § 1920.

Within those categories, "the court has wide latitude to award costs." *Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 441 (E.D. Va. 2011).

There is a presumption that a prevailing party is entitled to costs unless the opposing party can show otherwise. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). If the prevailing party makes an initial showing that the requested costs are allowable under § 1920, the burden shifts to the non-prevailing party to show that the requested allowance is improper. *Cook v. Magellan Health Services, Inc.,* No. 1:12cv1084, 2013 WL 2152638, at *1 (E.D. Va. May 15, 2013); *Synergistic Int'l, L.L.C. v. Korman,* Civil No. 2:05cv49, 2007 WL 517676, at *1 (E.D. Va. Feb. 8, 2007). As described below, each of the costs sought by the School Board falls within the scope of 28 U.S.C. § 1920 and is recoverable as a taxable cost.

### A. The School Board Incurred Fees for Printed Transcripts Necessarily Obtained for Use in this Case.

The School Board seeks $15,121.15 for printed transcripts necessarily obtained for use in this case under 28 U.S.C. §1920(2), including $4,848.15 in deposition transcripts and $10,273.00 for the transcripts of four School Board meetings and a town hall meeting of the NAACP. These costs were necessarily obtained for the School Board's defense of this case: the School Board meetings and the Town Hall meeting were referenced in Plaintiff's Complaint, the parties' responses to interrogatories, the parties' respective briefs in support and opposition to injunctive relief, and the summary judgment briefing, and all seven deposition transcripts were used in the summary judgment briefing.

#### 1. Deposition Transcripts

The costs of a deposition, including transcript fees, should be awarded "when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n,* 830 F.2d 522, 528 (4th Cir. 1987); *see also Amdocs (Israel) Ltd.,* 2013 WL 1192947, at *4. "In order for the deposition to be necessary, it needs only to be 'relevant and material' for the preparation in the litigation." *Ford v. Zalco Realty, Inc.,* 708 F. Supp. 2d 558, 562 (E.D. Va.

3

2010); *see also Cofield v. Crumpler,* 179 F.R.D. 510, 518 (E.D. Va. 1998) ("The material from the deposition need not be used at trial, but need only be 'relevant and material' for the preparation in the litigation.").

The School Board seeks costs in connection with seven deposition transcripts, five of which were noticed by Plaintiff (Dr. Scott Brabrand, Jeremy Shughart, Dr. Ann Bonitatibus, and the School Board's two Rule 30(b)(6) designees) and the remainder of which were Plaintiffs' two Rule 30(b)(6) designees. The School Board used all seven of the deposition transcripts at the summary judgment stage. They were also necessary to prepare for trial, even though no trial ultimately occurred. *Jop v. City of Hampton, Va.*, 163 F.R.D. 486, 488 (E.D. Va. 1995) (explaining that costs are taxable "if they were incurred in order to prepare for trial," even if never "used"). Invoices substantiating the costs of these transcripts are attached as Exhibit A to the School Board's Bill of Costs.

    2.    <u>Other Transcripts</u>

This court's cost guidelines allow recovery of the fees of a "court reporter for all or any part of transcript necessarily obtained for use in the case." Cost Guidelines at 2. The costs of these transcripts are taxable if they were necessary for "effective and proper handling" of the case. *Principe v. McDonald's Corp.*, 95 F.R.D. 34, 36–37 (E.D. Va. 1982). The rule for recovering these costs "does not place a burden on the prevailing party to show it actually used the transcripts in order to recover the costs. . . the moving party must only show that the transcripts "appeared reasonably necessary for preparation for the trial at the time taken." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 234 F. Supp. 3d 760, 781 (E.D. Va. 2017), *vacated*, 881 F.3d 293 (4th Cir. 2018) (affirming in part, reversing in part, vacating in part, and remanding other holdings in case).

The cost of transcripts of School Board meetings and the NAACP Town Hall are all recoverable under this standard. The Complaint in this case lifted quotes out of context from the

4

Town Hall event in an attempt to establish Plaintiff's claims (ECF No. 1, ¶ 41), and again relied on those quotes in moving for preliminary injunctive relief (ECF No. 16 at 12). It was reasonably necessary for the School Board to procure the full transcript of the Town Hall to defend against Plaintiff's allegations and successfully oppose Plaintiff's motion for injunctive relief.

Likewise, the transcripts of the School Board meetings that took place on September 15, October 6, December 7, and December 17, 2020 were also necessary for the School Board to obtain for this litigation. The actions and comments that took place at those meetings were central to the merits of Plaintiff's claims as well as the School Board's defenses, and were cited heavily by both the Plaintiff and the School Board at summary judgment. Invoices substantiating the costs of these transcripts are attached as Exhibit B to the School Board's Bill of Costs.

### B. The School Board Incurred ESI Costs Recoverable under Section 1920(4).

The School Board seeks the amount of $8,545.50 for costs sustained in connection with document production in this litigation, including the costs associated with conversion of electronic files to production format in the manner agreed upon by the parties and ordered by the Court. *See* ECF Nos. 53-54 (joint discovery plan and order adopting same). These costs are taxable under 28 U.S.C. § 1920(4).

With regard to ESI-related production costs, the Fourth Circuit has held that the costs associated with "converting electronic files to non-editable formats, and burning the files onto discs" are taxable under § 1920(4). *Country Vintner of N. Carolina, LLC v. E. &J. Gallo Winery, Inc.*, 718 F.3d 249, 259 (4th Cir. 2013). Further, this Court has held that labor and associated fees that are intertwined with the act of copying, cannot be separated out because "[w]ith the advent of electronically stored information, the costs of "copying" can no longer be cabined to a price-per-page calculation. The process of downloading, categorizing, and preparing

files for transfer necessarily requires some degree of coordination and oversight." *BMG Rights Mgmt.*, 234 F. Supp. 3d at 782-83.

As set forth in the attached Declaration of Jessie Purtell, the School Board made twelve separate document productions to Plaintiff in this litigation, comprising nearly 29,000 pages of material. *See* Exhibit A, ¶¶ 4-6. The costs that the School Board seeks in connection with these productions total $8,545.50, and reflect only the work that was done preparing and completing the actual document productions that the School Board made to the Plaintiff in this litigation. *Id*. Invoices substantiating these costs are attached as Exhibit C to the School Board's Bill of Costs, and are also included as an Exhibit to the Purtell Declaration.

### III. CONCLUSION

For the foregoing reasons, the School Board respectfully requests that the Clerk award it taxable costs in the amount of $23,666.65.

                Respectfully submitted,

                FAIRFAX COUNTY SCHOOL BOARD

By:       /s/
      Sona Rewari (VSB No. 47327)
      Daniel Stefany (VSB No. 91093)
      HUNTON ANDREWS KURTH LLP
      2200 Pennsylvania Avenue, NW
      Washington, DC 20037
      Telephone: (202) 955-1500
      Facsimile: (202) 778-2201
      srewari@HuntonAK.com
      dstefany@HuntonAK.com

      Trevor S. Cox (VSB No. 78396)
      HUNTON ANDREWS KURTH LLP
      951 E. Byrd Street
      Richmond, VA 23219
      Telephone: (804) 788-7221
      Facsimile: (804) 788-8218
      tcox@HuntonAK.com

      *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2023, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

                                                    /s/
                                      Sona Rewari (VSB No. 47327)