IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| COALITION FOR TJ, <br><br> Plaintiff, <br><br> v. <br><br> FAIRFAX COUNTY SCHOOL BOARD, <br><br> Defendant. | No. 1:21-cv-00296-CMH-JFA |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S BILL OF COSTS (ECF NO. 161)**

### I.   INTRODUCTION AND FACTUAL BACKGROUND

Defendant Fairfax County School Board seeks more than $23,000 in costs arising from its defense against the Coalition for TJ's claim that the Board discriminated against Asian-American applicants when it overhauled admissions criteria at Thomas Jefferson High School for Science and Technology. The costs sought are for the printing of deposition and board meeting transcripts as well as e-discovery expenses. For the reasons below, this Court should exercise its discretion to decline to tax costs against the Coalition for TJ.

In its complaint, the Coalition alleged that the Board changed the criteria for admission at TJ at least in part to limit the number of Asian-American students who enrolled there. *See* ECF No. 1. The Coalition's theory reflected a major theme of civil rights jurisprudence. The Supreme Court has long recognized that a facially race-neutral policy enacted with racially discriminatory intent presumptively conflicts with the guarantee of the Equal Protection Clause. *Yick Wo v. Hopkins*, 118 U.S. 356, 373–74 (1886); *Miller v. Johnson*, 515 U.S. 900, 913 (1995). So too it has recognized that a body acts with discriminatory intent when it chooses a particular policy "at least

in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). But the case was controversial because it presented a question of first impression as applied to invalidate criteria for school admission and because discriminatory intent has only rarely been found without outright animus towards the targeted group. *But see North Carolina State Conf. of NAACP v. McCrory*, 831 F.3d 204, 233 (4th Cir. 2016) (no animus required to discriminate on the basis of race). In short, the case presented difficult issues for both sides.

Ultimately, the Coalition won summary judgment in this Court. ECF Nos. 143–44. This Court issued an order enjoining the challenged policy and denied the Board's motion to stay the injunction pending appeal. ECF No. 152. A divided Fourth Circuit panel then stayed the injunction over Judge Rushing's dissent. *Coalition for TJ v. Fairfax Cnty. Sch. Bd.*, No. 22-1280, 2022 WL 986994 (4th Cir. Mar. 31, 2022). When the Coalition sought relief from the stay at the Supreme Court, Justices Thomas, Alito, and Gorsuch indicated that they would have vacated the stay and allowed this Court's injunction to remain in effect. *Coalition for TJ v. Fairfax Cnty. Sch. Bd.*, 142 S. Ct. 2672 (2022) (mem.). On the merits, the Fourth Circuit reversed this Court's judgment by a 2-1 vote, with Judge Rushing again dissenting. *Coalition for TJ v. Fairfax Cnty. Sch. Bd.*, 68 F.4th 864 (4th Cir. 2023). The Coalition is currently preparing a petition for a writ of certiorari to be filed in the Supreme Court by August 23.

## II. ARGUMENT

Although Rule 54(d) creates a "presumption that costs are to be awarded to the prevailing party," it leaves substantial discretion to district courts to deny costs to such a party. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). The Fourth Circuit has permitted district courts the typical wide latitude to exercise that discretion by reviewing a decision to deny costs under the deferential abuse of discretion standard. *See id.* ("As with any exercise of discretion by the district court, when it is within the bounds of the discretion conferred, we may not question it."). It has also recognized several factors that might "justify denying an award of costs, such as their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided." *Id.*; *see also Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (listing factors considered by other circuits as persuasive).

Here, the posture of this case demonstrates the "closeness and difficulty of the issues decided" and renders an award of costs to the Board particularly inappropriate. The mere fact that this case involves a judgment in favor of the Coalition that was ultimately reversed on appeal demonstrates its difficulty—and the resulting inappropriateness of a costs award. *See Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 234–35 (4th Cir. 2011) (affirming the denial of costs in a complex case where the plaintiff initially prevailed and then had the judgment vacated on appeal); *Bennett v. CSX Transp., Inc.*, No. 5:10–CV–493–BO, 2015 WL 233223, at *1 (E.D.N.C. Jan. 16, 2015) (declining to award costs where plaintiff prevailed in district court before Fourth Circuit reversed and directed entry of judgment for defendant). Even without reversal on appeal, this Court has affirmed the denial of costs based on a district court's statement "that plaintiffs' case against [the defendants] was, for the most part, a relatively close and difficult case." *Teague*, 35 F.3d at

996 (internal quotation marks omitted). Surely, the fact that this Court granted summary judgment to the Coalition at least renders this case "close and difficult."

The contested nature of the case in the Fourth Circuit further demonstrates its closeness and difficulty. Both sides permitted their argument time to be divided to allow the participation of government entities as amici curiae—the State of Virginia on the side of the Coalition, and the United States on the side of the Board—while the Board hired former United States Solicitor General Donald Verrilli to represent it on appeal. The Fourth Circuit panel produced three separate opinions, including Judge Rushing's forceful dissent, which concluded that "undisputed evidence shows that the Board successfully engineered [its admissions policy] to reduce Asian student enrollment at TJ—while increasing enrollment of every other racial group—consistent with the Board's discriminatory purpose." *Coalition for TJ*, 68 F.4th at 902 (Rushing, J., dissenting). Judge Rushing's agreement with this Court's decision to enjoin the Board's admissions policy should confirm that the case was so difficult as to justify a denial of costs.

Likelihood of Supreme Court review also demonstrates closeness.[1] The Supreme Court typically intervenes to stay or vacate a stay upon a lower court judgment only when—among other factors—the "case could and very likely would be reviewed [at the Supreme Court] upon final disposition in the court of appeals." *Coleman v. Paccar, Inc.*, 424 U.S. 1301, 1304 (1976) (Rehnquist, J., in chambers). Under this standard, three justices—Justice Thomas, Justice Alito,

---

[1] If this Court does not exercise its discretion to deny costs altogether, it should instead defer the taxing of costs until the final disposition of this case at the Supreme Court. District courts in this circuit recognize that courts have the discretion to do this, although they sometimes decline to do so. *See Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, No. 1:10cv910, 2013 WL 1192947, at *2 (E.D. Va. Mar. 21, 2013); *see also Metro. Dev. Grp. at Cool Spring, LLC v. Cool Spring Road, LLC*, No. GJH-20-3237, 2023 WL 1108017, at *1 (D. Md. Jan. 30, 2023) (denying motion to tax costs without prejudice pending appeal). Here, due to the relative likelihood of Supreme Court review, it would serve judicial economy to wait for the final outcome before taxing costs.

and Justice Gorsuch—voted to vacate the Fourth Circuit's stay of this Court's injunction. This indicates that, at the very least, these three justices view this case as worthy of Supreme Court review.[2] This is far from the typical case in which costs are taxed.

In short, this case has several atypical factors that demonstrate it is so difficult and closely contested that each side should bear its own costs. These factors include: (1) an initial judgment in favor of the Plaintiff in this Court; (2) a judgment reversed on appeal only over a dissent; and (3) an issue of nationwide salience that is, in the view of three justices, relatively likely to be reviewed by the Supreme Court. There is an "element of injustice" in taxing costs in this situation, *Cherry*, 186 F.3d at 446, as it would penalize even the losing plaintiff who *won* in the district court and thereafter did everything short of preserving his victory on appeal. This Court should exercise its discretion to deny costs to the Board.

---

[2] Indeed, following the Supreme Court's decision in *Students for Fair Admissions v. Presidents & Fellows of Harvard College*, Nos. 20-1199 & 21-707, 2023 WL 4239254 (U.S. June 29, 2023), there has already been substantial speculation that this case is primed for Supreme Court review. *See, e.g.*, Bianca Quilantan, *Affirmative Action is Done. Here's What Else Might Change for School Admissions*, Politico, June 29, 2023, available at https://www.politico.com/news/2023/06/29/school-admissions-after-scotus-affirmative-action-00104293?cid=apn; Jeannie Suk Gersen, *After Affirmative Action Ends*, The New Yorker, June 26, 2023, available at https://www.newyorker.com/news/daily-comment/after-affirmative-action-ends.

### III.     CONCLUSION

For the reasons stated, this Court should deny the Board's requested costs.

Dated: July 12, 2023.

                                                                       Respectfully submitted,

| | |
|---|---|
| | s/ Alison E. Somin |
| ERIN E. WILCOX*, | ALISON E. SOMIN, |
|   Cal. Bar No. 337427 |   Va. Bar No. 79027 |
| CHRISTOPHER M. KIESER*, | Pacific Legal Foundation |
|   Cal. Bar No. 298486 | 3100 Clarendon Blvd., Suite 1000 |
| Pacific Legal Foundation | Arlington, Virginia 22201 |
| 555 Capitol Mall, Suite 1290 | Telephone: (202) 557-0202 |
| Sacramento, California 95814 | Facsimile: (916) 419-7747 |
| Telephone: (916) 419-7111 | ASomin@pacificlegal.org |
| Facsimile: (916) 419-7747 | |
| EWilcox@pacificlegal.org | GLENN E. ROPER*, |
| CKieser@pacificlegal.org | Colo. Bar No. 38723 |
| | Pacific Legal Foundation |
| *Pro Hac Vice | 1745 Shea Center Dr., Suite 400 |
| | Highlands Ranch, Colorado 80129 |
| | Telephone: (916) 503-9045 |
| | Facsimile: (916) 419-7747 |
| | GERoper@pacificlegal.org |

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Counsel for Defendant are registered with the Court's CM/ECF system and will receive a notification of such filing via the Court's electronic filing system.

                                                s/ Alison E. Somin
                                                ALISON E. SOMIN, Va. Bar No. 79027
                                                Pacific Legal Foundation
                                                3100 Clarendon Blvd., Suite 1000
                                                Arlington, Virginia 22201
                                                Telephone: (202) 557-0202
                                                Facsimile: (916) 419-7747
                                                ASomin@pacificlegal.org
                                                *Counsel for Plaintiff*